91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vickie K. MARSHALL; Robert E. Marshall, Jr., Plaintiffs-Appellants,
v.
QUANTUM CHEMICAL CORPORATION, Defendant-Appellee.
 No. 95-3640.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1996.
 
 Before: WELLFORD and BOGGS, Circuit Judges, and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Vickie and Robert Marshall appeal from the district court's decision to grant summary judgment to Ms. Marshall's employer in their diversity personal injury suit seeking damages for an injury she sustained at work. We affirm.
 
 
 2
 Ohio has made its workers' compensation system the sole remedy for injured workers, so Marshall premised her suit on two exceptions to this rule--intentional tort and the "dual-capacity" doctrine under which an employer who is also the manufacturer of a product that caused an employee's injury can be sued outside of the workers' compensation system. The district court concluded that there was no evidence to establish that Quantum intended Marshall's injury, and that the dual-capacity doctrine only applied in cases where, unlike here, the product was marketed to the general public. Because we agree with the district court's analysis of the defects in both of Marshall's theories, we affirm its decision. Because Marshall's objection to the district court's rejection of her expert's affidavit is the only aspect of the appeal not completely addressed by the opinion below, we write here only to address this issue.
 
 
 3
 We offer the following brief review of the facts in order to lend context to our abbreviated discussion. Shortly after Marshall began working for Quantum, a chemical manufacturing concern, she was asked to work on a resin-shredding machine that Quantum had modified to sit on a track-system. The machine was locked in place while it operated, and was wheeled back along the track only on rare occasions (roughly once every two months), when it had to be cleaned. The process of wheeling it back to be cleaned, and then wheeling it back into its operating position, called for caution since the machine was tall and narrow, and moved on a small set of wheels. Several Quantum employees, including Marshall's immediate supervisor, understood that if the machine were moved too rapidly, it could tip over. The machine needed cleaning shortly after Marshall started monitoring it, and although Marshall found a maintenance worker to move and clean it, she apparently thought the maintenance worker was having a hard time wheeling it back in place, and she pulled on the machine to help. This additional force caused the machine to topple off its track and land on top of Marshall. She was seriously injured, sustaining a broken leg and lacerations.
 
 
 4
 In granting summary judgment, the district court correctly noted that in order for Marshall to avoid Ohio's workers' compensation sole-remedy provisions via the intentional tort exception, she had to prove that Quantum knew that the machine was dangerous. Memorandum Opinion at 3-4. The district court reviewed the evidence, and correctly concluded that there was no evidence to suggest that the Quantum knew the machine was dangerous, and that Marshall's own expert conceded the machine could be moved safely if it was moved carefully. Id. at 4. The district court further explained that an affidavit by Marshall's expert, filed after the defendant's motion for summary judgment and asserting that the "the injury to Plaintiff Vickie Marshall was substantially certain to occur," did not create a factual dispute so as to preclude summary judgment. Id. at 4, n. 2.
 
 
 5
 We agree with the district court's analysis. The district court cited Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 315 (6th Cir.1989). While this case specifically addresses a party's attempt to stave off summary judgment by submitting his own affidavit contradicting previous sworn testimony, we think the same principle applies here. Marshall submitted the affidavit of her own expert opining that the machine was substantially certain to injure her, despite the fact that the same expert admitted that the machine could be moved safely. Even if we were to conclude that this contradictory and conclusory affidavit created doubt as to the degree of certainty of injury, it would not have helped Marshall prove that Quantum apprehended the danger. Marshall's arguments on appeal thus do not persuade us of any defects in the district court's reasoning or conclusion. The district court's decision to grant summary judgment is therefore AFFIRMED.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation